IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 17-00109-01-CR-W-GAF |
| ) | |
| STEVEN MATTHEWS, ) | |
| ) | |
| Defendant. ) | |

REPORT AND RECOMMENDATION

This matter is currently before the Court on defendant's Motion to Dismiss Counts I and II of Indictment (doc #21). For the reasons set forth below, it is recommended that this motion be denied.

I. INTRODUCTION

A. The Indictment

On March 29, 2107, the Grand Jury returned a five-count indictment against Steven Matthews. Counts One and Two of the indictment provide:

**COUNT ONE**

From on or about May 2011, up to and including May 15, 2015, in the Western District of Missouri and elsewhere, Steven Matthews, a resident of Kansas City, Missouri, did willfully attempt to evade and defeat the payment of the Trust Fund Recovery Penalty (TFRP) assessed against him personally for the quarters ending December 2002 through June 2003 for the trust fund taxes of Winntech Digital Systems, and the payment of income tax due and owing by him to the United States of America for the calendar year 2008, by committing the following affirmative acts, among others: (1) using corporate funds to pay his personal expenses; (2) creating a false deed of trust for a condominium he owned; (3) placing money into an attorney trust account which was then used to pay Matthews' personal expenses; (4) establishing a corporation, SLM Consultants, LLC, using his mother's social security number, listing his mother as the sole member and

adding his mother as an additional signatory on the SLM bank account; and (5) dealing in cash from 2011 through 2015.

All in violation of Title 26, United States Code, Section 7201.

## COUNT TWO

From on or about May 2011, and continuing thereafter up to and including May 15, 2015, in the Western District of Missouri and elsewhere, Steven Matthews did corruptly endeavor to obstruct and impede the due administration of the internal revenue laws by committing the following acts among others: (1) using corporate funds to pay his personal expenses; (2) creating a false deed of trust of a condominium he owned; (3) placing money into an attorney trust account which was then used to pay Matthews' personal expenses; (4) establishing a corporation, SLM Consultants, LLC, using his mother's social security number, listing his mother as the sole member and putting his mother as signatory on the SLM bank account; (5) dealing in cash from 2011 through 2015; (6) using corporate funds to pay another corporate officer's personal expenses; and (7) visiting multiple bank branches to structure cash withdrawals from the Winntech Digital Systems bank account.

All in violation of Title 26, United States Code, Section 7212(a).

(Indictment (doc #1) at 1-2) Counts Three, Four, and Five charge defendant Matthews with failing to make an income tax return for the calendar years 2012, 2014, and 2015, respectively.

B.  The Statutes

The statutes under which defendant Matthews has been charged in Counts One and Two, 26 U.S.C. §§ 7201 and 7212(a), provide, in part:

**§ 7201.  Attempt to evade or defeat tax**

Any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, shall be fined nor more than $100,000 ($500,000 in the case of a corporation), or imprisoned not more than 5 years, or both, together with the costs of prosecution.

26 U.S.C. § 7201.

2

Case 4:17-cr-00109-GAF   Document 28   Filed 08/01/18   Page 2 of 8

**§ 7212. Attempts to interfere with administration of internal revenue laws**

>    **(a)    Corrupt or forcible interference.** –Whoever corruptly … endeavors to … impede any officer or employee of the United States acting in an official capacity under this title, or in any other way corruptly … obstructs or impedes, or endeavors to obstruct or impede, the due administration of this title, shall, upon conviction thereof, be fined not more than $5,000, or imprisoned not more than 3 years, or both ….

26 U.S.C. § 7212(a).

## II.    DISCUSSION

### A.    Count One

The Internal Revenue Code requires employers to deduct from their employees' wages the employees' share of individual income taxes (26 U.S.C. § 3402(a)), and FICA (Social Security and Medicare) taxes (26 U.S.C. § 3102(a)), and to pay over the withheld amounts to the United States (26 U.S.C. §§ 3102(b) and 3403).  "The withheld sums are commonly referred to as 'trust fund taxes,' reflecting the Code's provision that such withholdings or collections are deemed to be a 'special fund in trust for the United States.'  26 U.S.C. § 7501(a)."  Slodov v. United States, 436 U.S. 238, 243 (1978).  The Trust Fund Recovery Penalty (TFRP) is imposed under 26 U.S.C. § 6672 to collect unpaid trust fund taxes.   Section 6672 provides in part:

>    **(a)    General rule.** –Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over. …

26 U.S.C. § 6672(a).

Defendant Matthews contends that Count One of the indictment must be dismissed because:

3

> Count I alleges that Mr. Matthews "did willfully attempt to evade and defeat the payment of the Trust Fund Recovery *Penalty* (TFRP) due and owing by him to the United States of America,"[1] in violation of 26 U.S.C. § 7201. … However, the tax evasion statute only criminalizes the willful evasion of "any *tax* imposed by this title or the payment thereof." 26 U.S.C. § 7201. … Even willful evasion of payment of a penalty does not fall within the scope of the statute. *See United States v. Wright*, 211 F.3d 233, 236-37 (5th Cir. 2000)("we are persuaded that the definition of 'tax liability' excluding penalties and interest extends to § 7201"). Thus, this Court should dismiss Count One of the Indictment.
>
> Simply put, the evasion of payment of a penalty falls outside the scope of 26 U.S.C. § 7201. The plain language of the statute unambiguously requires evasion of "any *tax* imposed by this title," not evasion of any *penalty*. 26 U.S.C. § 7201 (emphasis added) ….
>
> \* \* \*
>
> The TFRP is a penalty, not a tax—and it is included within Subchapter B of the Internal Revenue Code entitled "Assessable Penalties." Especially in the context of a criminal prosecution, this Court should not stretch to reach the improper conclusion that a penalty is a tax. Instead, this Court should conclude that the language of the statute is unambiguous, and dismiss Count I of the Indictment.

(Motion to Dismiss Counts I and II of Indictment (doc #21) at 1-2, 4)

While defendant Matthews is correct in arguing that 26 U.S.C. § 7201 only criminalizes the willful evasion of any "tax" imposed by Title 26 (the Internal Revenue Code) or the payment thereof, the reference to "tax" in section 7201 is deemed to include a "penalty" under 26 U.S.C. § 6672. See 26 U.S.C. § 6671(a) ("any reference in this title to 'tax' imposed by this title shall be deemed also to refer to the penalties and liabilities provided by this subchapter[2]"); United States v.

---

[1] The Court notes that defendant misquotes Count One, leaving out the charge that defendant "did willfully attempt to evade and defeat … the payment of income tax due and owing by him to the United States of America for the calendar year 2008." (Indictment (doc #1) at 1-2) Even if the Court agreed with defendant's argument for the dismissal of the charges relating to penalties, this portion of Count One would remain.

[2] Section 6671 "Rules for Application of Assessable Penalties" and section 6672 "Failure to Collect and Pay over Tax, or Attempt to Evade or Defeat Tax" are within the same subchapter,

4

Sotelo, 436 U.S. 268, 288 n.2 (1978)(Rehnquist, J., dissenting)(26 U.S.C. § 6671(a) provides "clear statutory authority for treating a § 6672 penalty as a tax for purposes of administering the Internal Revenue Code"); United States v. Boisseau, 116 F.Supp.3d 1242, 1252 n.7 (D. Kan. 2015)("Although the trust fund recovery penalty is referred to as a 'penalty,' it is considered a tax for purposes of 26 U.S.C. § 7201.")  Cf. United States v. Farr, 701 F.3d 1274, 1287 (10th Cir. 2012)("the IRS can … first assess trust fund recovery penalties and then, if the persons against whom those penalties are assessed willfully fail to pay those penalties, proceed criminally against those persons under the generic tax evasion provision, 26 U.S.C. § 7201").

Defendant's request that the Court dismiss Count One must be denied.

B.     Count Two

Defendant Matthews contends that Count Two of the indictment must be dismissed because 26 U.S.C. § 7212(a) is unconstitutionally vague and unconstitutionally broad. Specifically, defendant argues:

> Here, § 7212(a) is unconstitutionally vague as it [sic] presently written, and at the time Mr. Matthews is alleged to have violated it.  This is because it requires individuals to speculate as to its meaning and fails to provide a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute. … Specifically, it remains unclear whether it is a violation of § 7212(a) to engage in *any* activity that makes it more difficult for the IRS to administer the internal revenue laws, or whether it is only a violation of § 7212(a) to engage in obstructive activity *after* becoming aware of an active audit or investigation. …
>
> Additionally, it is unclear what conduct is specifically prohibited by § 7212(a).  Review of the *Marinello* merits briefs illustrates [sic] the statute's

---

Subchapter B "Assessable Penalties."   Defendant relies on the case of United States v. Wright, 211 F.3d 233 (5th Cir. 2000), for his argument that the evasion of payment of a penalty does not fall within the scope of 26 U.S.C. § 7201.   (Motion to Dismiss Counts I and II of Indictment (doc #21) at 1-2)   Defendant's argument is not persuasive in that the Wright case does not appear to involve a penalty set out in Subchapter B "Assessable Penalties," to which section 6671 applies.  Penalties related to the failure to file a tax return or to pay tax (section 6651) are found in Subchapter A, to which section 6671 would not apply.

5

patent vagueness. Further, … review of the transcript from oral argument demonstrates that even this nation's highest Court appears perplexed about what precise conduct is and is not proscribed by the statute.

\* \* \*

Stated simply, if the United States Supreme Court remains unsure what conduct is and is not proscribed by § 7212(a), there is simply no reasonable possibility that an individual of ordinary intelligence can be said to have fair notice that contemplated conduct is forbidden by the statute. … As such, § 7212(a) is unconstitutionally vague and Count Two of the Indictment should be dismissed.

\* \* \*

Moreover, § 7212(a) is unconstitutionally broad, as it sweeps otherwise innocent conduct with the gamut of potential felony prosecution. …

(Motion to Dismiss Counts I and II of Indictment (doc #21) at 6-7, 10, 11)

On March 21, 2018, Marinello v. United States, 138 S.Ct. 1101 (2018), was decided. The Court stated:

> We conclude that, to secure a conviction under the Omnibus Clause,[3] the Government must show … that there is a "nexus" between the defendant's conduct and a particular administrative proceeding, such as an investigation, an audit, or other targeted administrative action. …
>
> In addition to satisfying this nexus requirement, the Government must show that the proceeding was pending at the time the defendant engaged in the obstructive conduct or, at the least, was then reasonably foreseeable by the defendant. …

Marinello, 138 S.Ct. at 1109-10. In United States v. Lawson, No. 3:16-cr-00121-TMB-DMS, 2018 WL 3375170, *5 (D. Alaska July 5, 2018), *Report and Recommendation adopted*, 2018 WL 3370517 (D. Alaska July 10, 2018), the court found that the essential elements of endeavoring to

---

[3]The Omnibus Clause is that portion of 26 U.S.C. § 7212(a) which forbids "corruptly … obstruct[ing] or imped[ing], or endeavor[ing] to obstruct or impede, the due administration of [the Internal Revenue Code]." Marinello, 138 S.Ct. at 1105. Count Two charges defendant Matthews with violating this Omnibus Clause.

6

obstruct the IRS set forth in Marinello (that is (1) a pending, or reasonably foreseeable, targeted administrative proceedings, such as an audit; and (2) a nexus between the defendant's obstructive endeavors and the proceeding) must be pled in the indictment.[4]  2018 WL 3375170 at *5.  In the Lawson case, the grand jury issued a second superseding indictment, which rendered moot the defendant's motion to dismiss the indictment for failing to allege these elements.  Id. at *6.

Defendant Matthews argues that Count Two should be dismissed because 26 U.S.C. § 7212(a) is unconstitutionally vague and overbroad.  The Supreme Court in Marinello, by rejecting the government's argument that "the need to show the defendant's obstructive conduct was done 'corruptly' will cure any overbreadth problem," apparently found that requiring the government to "show … that there is a 'nexus' between the defendant's conduct and a particular administrative proceeding" will cure the overbreadth problem.  See Marinello v. United States, 138 S.Ct. 1101, 1108-10 (2018).  The Marinello majority opinion did not specifically discuss vagueness, but it did state that "[a] broad interpretation would also risk the lack of fair warning and related kinds of unfairness," apparently finding that the narrower interpretation that there be a nexus between the defendant's conduct and a particular administrative proceeding will cure a lack of fair warning problem.  Id. at 1108.  Courts which had required a connection between a defendant's obstructive endeavors and a proceeding prior to the Marinello decision found that section 7212(a) is neither vague nor overbroad.  See United States v. Miner, 774 F.3d 336, 347 (6th Cir. 2014)(pending-proceeding requirement along with mens rea requirement of the omnibus clause ward off overbreadth and vagueness challenges); United States v. Kassouf, 144 F.3d 952, 959 (6th

---

[4] As defendant Matthews has not moved to dismiss Count Two for failing to allege these elements, the Court need not decide whether it agrees with the Lawson court that these elements must be pled in the indictment or merely proved at trial.

7

Cir. 1998)(rejecting defendant's argument that 26 U.S.C. 7212(a) is unconstitutionally vague and overbroad given court's "construction of the statute in such a way as to require pending government action under the Internal Revenue Code of which the defendant was aware"). See also United States v. Gutierrez, No. CR 15-3955 JB, 2018 WL 2107785, *12 n.12 (D.N.M. May 5, 2018)(section 7212(a) is not void for vagueness).

Defendant's request that the Court dismiss Count Two because 26 U.S.C. § 7212(a) is unconstitutionally vague and broad must be denied.

### III. CONCLUSION

For the foregoing reasons, it is

RECOMMENDED that the Court, after making an independent review of the record and applicable law, enter an order denying defendant's Motion to Dismiss Counts I and II of Indictment (doc #21).

Counsel are reminded they have fourteen days from the date of receipt of a copy of this Report and Recommendation within which to file and serve objections to same. A failure to file and serve timely objections shall bar an attack on appeal of the factual findings in this Report and Recommendation which are accepted or adopted by the district judge, except on the grounds of plain error or manifest injustice.

                                        */s/ Sarah W. Hays*
                                        SARAH W. HAYS
                                        UNITED STATES MAGISTRATE JUDGE